HALL, Judge.
Plaintiff sued Chisesi Brothers, a commercial partnership, its individual members, and its public liability insurer for damages for personal injuries and property damage arising out of a collision between an automobile owned and operated by plaintiff and a truck owned by Chisesi Brothers and driven by one of its employees. Chisesi Brothers reconvened for $99.91 property damage to its truck. The trial court dismissed both plaintiff’s main demand and Chisesi Brothers’ reconventional demand. Plaintiff appealed. Chisesi Brothers answered the appeal praying for reversal of *96 the judgment dismissing- its reconventional demand.
It is evident the trial court found that the accident was caused by the concurrent negligence of both drivers. The issues are purely factual.
The collision occurred at about 9 A.M. in the intersection of Dryades and Philip Streets in the city of New Orleans. Dry-ades Street is a four lane two-way street which runs in an uptown-downtown direction, and is crossed at right angles by Philip Street which runs in a river-lake direction. Since Dryades Street dead-ends at this point, the two streets form what is known as a “T” intersection, Philip Street forming the top of the “T”. Philip Street is a two-way street and is approximately three lanes wide although the lanes are not marked off.
At the time of the accident a truck was parked on the downtown side of Philip Street a short distance toward the lake from the corner of Dryades Street, and a push cart three to four feet wide was parked at the curb on the opposite, or uptown side, of Philip Street a short distance toward the river from the rear end of the parked truck.
Plaintiff, on the morning of the accident, was driving his automobile in an uptown direction on Dryades Street with the intention of turning to the right or towards the lake on Philip Street. At the same time Chisesi Brothers’ truck was proceeding on Philip Street in the direction of the river. The accident happened as plaintiff was turning to the right into Philip Street.
While the testimony is in conflict as to the point in the intersection where the two vehicles collided and is in conflict as to which vehicle hit the other, both the testimony and the photographs in evidence show definitely that the point of contact between the two vehicles was between the extreme left front of plaintiff’s automobile and the left side of the truck rearward of the left fender. The damage to the truck started at the running board back of the left front fender and extended to the body of the truck behind the cab.
Plaintiff testified that he had stopped at the corner of Dryades Street to observe traffic on Philip Street before starting his right turn into that street; that his view to the right was obstructed by the parked truck and that he pulled out a little more into Philip Street and had completed about three-quarters of his turn when he was able to see, and did see, the truck about half a block to his right approaching at a rapid rate of speed which he estimated to be between thirty and forty miles per hour. He testified that he thereupon came to a full stop and remained stopped in that position for ten seconds before the truck struck him. He testified that he kept the truck in view at all times; that it was travelling in the center of Philip Street but pulled to the left to avoid the push cart and sideswiped him, He stated that the front of the truck passed him safely but that he was struck by the side of the truck when it veered to the left. At one point in his testimony plaintiff said that the truck had enough room to pass between him and the push cart if it had continued straight; at another point he stated that if the truck had not cut to the left it would have hit the push cart.
Plaintiff testified that the front of his car was only three or four feet into Philip Street when the truck struck him.
Plaintiff’s witness, Karno, testified that he arrived at the scene after the accident and found plaintiff’s damaged car in the “center lane” — that it had passed the “downtown lane”, which would place the point of impact considerably further into Philip Street than the three or four feet estimated by plaintiff.
Lester Williams, a witness for the plaintiff who arrived after the accident, testified that plaintiff’s car “was like coming out in the middle — coming out to Philip Street.”
The testimony of Willie Spencer, an elderly negro who testified for the plaintiff *97 was most confusing. The most that can be derived from his testimony is that he was an acquaintance of plaintiff; that he saw the accident from a point on the uptown sidewalk of Philip Street about half a block away; that he saw plaintiff stop his car in the turn when he was about five feet into the intersection; that he remained stopped in that position until the truck struck him; that the truck was travelling at about thirty-five to forty miles per hour with its left side near the middle of the street; that there was not enough room between plaintiff’s car and the push cart for plaintiff to pass, so the truck first cut to the left to clear the push cart and then cut back to the right and in so doing it sideswiped plaintiff’s car.
Defendants’ witness, Tarantino, arrived at the scene about thirty minutes after the accident. He found the plaintiff’s car on an angle towards the lake with its left front about four feet over the center line of the street. The diagram on the Police Report shows the front of plaintiff’s car about the middle of Philip Street.
George Williams, the driver of defendants’ truck testified that he was proceeding toward the river about twenty or twenty-five miles per hour, but “guessed” he was exceeding the speed limit. He testified that when he was about half a block away he saw plaintiff turning into Philip Street, that he did not slacken speed because he thought plaintiff would stop, that plaintiff did not stop but made too wide a turn and ran into the side of his truck. Williams further testified that he was travelling on the upper half of Philip Street, that there was enough room for him to pass between plaintiff and the push cart if plaintiff had stopped and that he cut neither to the left nor to the right but that plaintiff made a wide turn and came into the lane on which he was travelling and ran into him.
Plaintiff made a considerable effort to show that the brakes on defendants’ truck were defective, but it is admitted by all that defendants’ driver made no effort to apply his brakes and their condition is immaterial and irrelevant. In addition thereto the proof adduced does not show the brakes were defective.
Plaintiff’s theory of the case seems to be based on the contention that Philip Street has there distinct traffic lanes; that the lane on the uptown side of the street is reserved for traffic proceeding towards the river, the middle lane for traffic going towards the lake, and that the lane on the downtown side of the street is reserved for parking. He argues that the defendants’ truck was proceeding towards the river in the lane reserved for traffic going towards the lake and that the truck was in the lane of traffic rightfully belonging to plaintiff when the accident occurred. We do not agree with his contention. Although the street is wide enough to accommodate three cars abreast, (making it at least twenty-four feet wide) it is admittedly not marked off in lanes and plaintiff cites no city ordinance showing that the “lanes” are “reserved” as contended by him, and there is no testimony in the record to that effect.
Our conclusion from the testimony as a whole is that defendants’ truck was travel-ling in the middle of Philip Street; that the driver had ample room to pass the push cart and that there was no reason for him to cut to the left and that he did not do so but continued in a straight line. We also conclude that plaintiff did not stop his car but continued his turn in too wide an arc and ran into the side of defendants’ truck, the point of impact being near the center of Philip Street; that each driver saw the other in ample time to avoid the accident and neither took any steps to do so; that defendants’ truck was admittedly being driven in excess of the speed limit.
We find no manifest error in the judgment appealed from. It is therefore affirmed.
Affirmed.